**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LISA D. HAMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-0270-CG-M** |
| | ) | |
| **GEORGE C. WALLACE STATE,** | ) | |
| **COMMUNITY COLLEGE and** | ) | |
| **JAMES M. MITCHELL,** | ) | |
| | ) | |
| **Defendants.** | | |

## ORDER

This matter is before the court on motion of defendants, George C. Wallace State
Community College and Dr. James M. Mitchell, to re-tax costs. (Doc. 90). The motion to re-tax
seeks the cost of deposition transcripts in the amount of $3,122.45 which was disallowed by the
clerk.  To date, the court has received no objection to defendants' motion.   The court finds that
the deposition costs were necessarily obtained for use in this case.  Therefore, defendants'
motion to re-tax costs is due to be granted.

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules
of Civil Procedure, which states:

> Except when express provision therefor is made either in a statute of the United
> States or in these rules, costs other than attorneys' fees shall be allowed as of
> course to the prevailing party unless the court otherwise directs; ...

FED. R. CIV. P. 54(d)(1).  Additionally, 28 U.S.C. § 1920 states in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)    Fees of the clerk and marshal;
> (2)    Fees of the court reporter for all or any part of the stenographic transcript
>         necessarily obtained for use in the case;

1

(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of this title;
(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The court is also guided by this court's Standing Order 13 which provides

that costs shall be taxed consistent with the following guidelines:

1. Deposition Costs:
(a) The Clerk may tax the cost of an original deposition upon the written representation of counsel for a party claiming the cost that a substantial portion of the deposition was admitted in evidence on the trial of the case.

(b) The Clerk shall not otherwise tax the costs of either the original or a copy of the deposition (unless otherwise ordered by the court) and any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to FED. R. CIV. P. 54(d) [sic] and Local Rule 54.1 and present the matter to the court.

2. Witness Costs:
(a) The clerk shall not (unless otherwise ordered by the court) tax fees for the attendance, subsistence, travel or other expenses incident to the attendance of witnesses in excess of the following:
(1) The attendance fee provided for in 28 U.S.C. § 1821(b);
(2) The subsistence allowance provided for by 28 U.S.C. § 1821(d) when an overnight stay is required because the place of attendance is so far from the witness' residence as to prohibit return thereto from day to day, the amount of this allowance being fixed by 5 U.S.C. § 5704;
(3) The mileage allowance provided for by 28 U.S. § 1821(c)(2), the amount of which is fixed by 28 U.S.C. § 5704;
(4) Where travel is by automobile to or from a place outside the district, that mileage allowance shall not exceed 100 miles each way.  Where travel is by automobile to or from a place within the district, actual mileage may be claimed even if it exceeds 100 miles each way.  Where travel is other than by automobile, actual costs of travel may be claimed to the extent that the cost does not exceed the mileage allowance of 100 miles each way.
(5) No fees of expert witnesses in excess of the above mentioned

attendance, subsistence and travel fees shall be taxed.

(b) Any party desiring to tax attendance, subsistence travel or other witness fees or expenses other than those described in subparagraph (a) shall file in writing a motion to retax the costs pursuant to Fed. R. Civ. P. 54(d) and local Rule 54.1, and present the matter to the court.

(S.D. Ala. Standing Order 13 (June 1997) (footnotes omitted)).

The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987); see also Allstate Ins. Co., Inc. v. Jones, 763 F.Supp 1101, 1102 (M.D. Ala. 1991)(The language of Rule 54(d) "is generally considered to state an equitable principle ... [which] vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." (citations and internal quotations omitted)). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir.1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir.1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co, 482 U.S. 437, 445 (1987).  The word "costs" is not synonymous with "expense." Eagle Insurance Co. v. Johnson, 982 F.Supp 1456, 1458 (M.D. Ala. 1997).  "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted).   "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted).  Thus, the costs will almost always be less than the total expenses associated with the litigation.  Id. (citations

3

omitted).

Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  However, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D.Ga.1992), aff'd, 991 F.2d 751 (Fed.Cir.1993)).  Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially  'necessarily obtained for use in the case.' " Id. at 621 (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)).  In this district, Standing Order 13 clarifies the issue by requiring the prevailing party to submit a "written representation  . . . that a substantial portion of the deposition was admitted in evidence on the trial of the case." (S.D. Ala. Standing Order 13 (June 1997)).  Otherwise the clerk may not tax the costs of either the original or a copy of a deposition unless otherwise ordered by the court. Id.

This case did not proceed to a trial as summary judgment was granted in favor of defendants.  The notation in the clerk's order taxing costs indicates that the witness fees and transcription expenses were disallowed pursuant to Standing Order 13.  The court has discretion to award costs under § 1920 regardless of the limitations of Standing Order 13.  Standing Order 13 provides that "any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to FED. R. CIV. P. 45(d) [sic] and Local Rule 54.1 and present the matter to the court."  Local Rule 54.1 provides the procedure for taxation of costs by the clerk in this court.  It specifically states that "This order limits only the authority of the clerk to assess costs for certain items otherwise taxable under Section 1920 but does not limit a prevailing party's ability to recover under the statute."

4

Thus, if the expenses are specifically enumerated in § 1920, the court upon proper motion by the prevailing party, may tax the expenses although they were correctly disallowed by the clerk pursuant to Standing Order 13.  In this case, upon defendants' motion to re-tax, the court finds that the depositions were  "necessarily obtained for use in the case."  All of the deponents were listed on plaintiff's witness list in the parties' proposed pretrial order and the majority of the depositions were submitted to the court in support of defendants' motion for summary judgment. Thus, the court will retax as costs the requested court deposition costs ($3,122.45) which were disallowed by the clerk.

<u>**CONCLUSION**</u>

For the above reasons, defendants' motion to re-tax costs (Doc. 90) is **GRANTED**. Defendants are awarded costs in the total amount of **$3,228.28** (deposition costs in the amount of $3,122.45 plus the costs previously taxed by the clerk in the amount of $105.83 ).

**DONE and ORDERED** this 11th day of July, 2006.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE